C/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAROL REMSON, DAVID MCKIE,
CARLOS LOZANA, JOSEPH ALLESANDRO,
ROBERT MATTEO, CHRISTOPHER
KOLLMEIER, GERARD WEEKS, AND
ROBERT COAKLEY, Individually and on
behalf of others similarly situated employees,

              MEMORANDUM AND ORDER

      Plaintiffs,                            CV 07-5296

    -against-                              (Wexler, J.)

VERIZON COMMUNICATIONS, INC. et al.,

      Defendants.
------------------------------------------------------------X
APPEARANCES:

    WHATLEY DRAKE & KALLAS, LLC
    BY: MITCHELL M. BREIT, ESQ.
    Attorneys for Plaintiffs
    1540 Broadway, 37th Floor
    New York, New York 10036

    TURLEY, REDMOND & ROSASCO, LLP
    BY: TROY G. ROSASCO, ESQ.
    Attorneys for Plaintiffs
    3075 Veterans Memorial Highway, Suite 200
    Ronkonkoma, New York 11779

    PAUL, HASTINGS, JANOFSKY & WALKER LLP
    BY: NED N. ISOKAWA, ESQ.
        JOHN P. PHILLIPS, ESQ.
    Attorneys for Defendants
    55 Second Street
    San Francisco, CA 94105

    KIRKLAND & ELLIS LLP
    BY: WILLIAM H. PRATT, ESQ.
        FRANK HOLOZUBIEC, ESQ.

ANDREW G. HORNE, ESQ.
Attorneys for Defendants
153 East 53rd Street
New York, NY 10022

ROBERT L. FOLKS & ASSOCIATES, LLP
BY: ROBERT L. FOLKS, ESQ.
Attorneys for Defendants
510 Broad Hollow Road, Suite 304-A
Melville, NY 11747

WEXLER, District Judge

This is an action that seeks medical monitoring for injuries that may occur in the future as a result of alleged exposure to industrial chemicals. Those chemicals are alleged to have been discharged at the named Plaintiffs' former places of employment. Each place of employment was located, or adjacent to a site, referred to herein as the "Facility." The Facility was used from approximately 1952 though 1967, for the production, handling, and storage of nuclear fuel rods. In their second amended complaint, Plaintiffs, who style this action as a class action, set forth four causes of action as follows: (1) negligence and gross negligence (hereinafter "negligence"); (2) strict liability as a result of engaging in ultrahazardous activity, (3) fraud, and (4) medical monitoring.

Defendants are several corporations, the corporate relationships of which will not be detailed herein, as that issue is not relevant to the issues presented in this motion. Suffice it to say that Defendant Verizon is alleged to be the company that is the ultimate parent company, with successor liability, of the company that operated the Facility when it was engaged in the business that is stated to have contaminated the Facility. For the purpose of this opinion, the court will refer to all Defendants simply as "Defendant."

Presently before the court are Defendant's motions to dismiss. Defendant moves to dismiss the claims of negligence, strict liability and medical monitoring on statute of limitations grounds. In a second motion, Defendant moves to dismiss all claims for failure to state a claim. For the reasons that follow, all claims are dismissed except for the claim of medical monitoring.

## BACKGROUND

I. The Parties, The Allegations of the Complaint, and the Relief Sought

Plaintiffs are Carole Remson ("Remson"), David McKie ("McKie") Carlos Lozano ("Lozano"), Joseph Allesandro ("Allesandro"), Robert Matteo ("Matteo"), Christopher Kollmeier ("Kollmeier"), Gerard Weeks ("Weeks"), and Robert Coakley ("Coakley"). Remson, McKie, Allesandro, Matteo and Coakley were employed by a company, not a defendant herein, known as Magazine Distributors, from 1991 until 2002.. Magazine Distributors was located on the same property occupied by the company operating the Facility during the period of alleged contamination. Kollmeier was an employee of Harbor Distributing, a company that did business at the Facility from 1984 through 1989. Weeks was employed by Airborne Express, which is alleged to have done business at a location adjacent to the Facility from 1992 through 2002.

All Plaintiffs state their claim as an action for medical monitoring. Each of the Plaintiffs allege that as a result of working at businesses located at, or near the Facility, they are at an "increased risk of developing multiple forms of cancer and other serious life-threatening diseases." Additionally, Plaintiffs Kollmeier, Weeks and Coakley each allege that he "has been diagnosed with such disease." Despite these allegations, Kollmeier, Weeks and Coakley make clear that they, like all Plaintiffs herein, seek relief only in the form of a fund to cover the expenses of medical monitoring, and not damages for any injury currently sustained.

II.  Defendant's Motions

Defendant moves to dismiss the claims of negligence, strict liability and medical monitoring on the ground that these claims are barred by the statute of limitations. Defendants also move to dismiss each claim for failure to state a claim, as follows. The claim of fraud is sought to be dismissed on the ground that Plaintiffs fail to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure. The negligence and strict liability claims are sought to be dismissed for failure to allege injury. Finally, the claim of medical monitoring is sought to be dismissed for failure to plead the elements necessary to state such a claim. After outlining relevant legal principles, the court will turn to the merits of the motions.

## DISCUSSION

I.  Motion to Dismiss on Ground of Statute of Limitations

As noted, Defendant moves to dismiss the claims of negligence, strict liability and medical monitoring on the ground that these claims are barred by the statute of limitations. The parties are in agreement that the relevant statutory period is set forth in the New York Civil Practice Law and Rules ("CPLR") as three years "from the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier." CPLR §§ 214(5), 214-c(2). Discovery of an injury is deemed to occur "when, based upon an objective level of awareness of the dangers and consequences of the particular substance, the injured party discovers the primary condition on which the claim is based." Abbatiello v. Monsanto Co., 522 F. Supp.2d 524, 529-30 (S.D.N.Y. 2007) (citation omitted). In light of the fact that the running of the statute of limitations is an affirmative defense, Defendant bears the burden of proof. Id. at 530.

4

Upon review of the second amended complaint, and the parties' submissions, the court holds that a question of fact exists regarding the date when, "through the exercise of reasonable diligence," Plaintiffs should have discovered the injury forming the basis of the complaint herein. Accordingly, the court denies the motion to dismiss on statute of limitations grounds. Accord Brody v. Brody, 2009 WL 436404 *3 (S.D.N.Y. 2009) (declining to dismiss fraud claim on statute of limitations ground where parties disputed facts as to tolling of statute); Abbatiello v. Monsanto Company, 522 F. Supp.2d 524, 530 (S.D.N.Y. 2007) (declining to dismiss complaint where it did not "conclusively appear" that plaintiff had knowledge of facts from which injury could be inferred).

II.     Motion to Dismiss all Claims For Failure to State a Claim

Defendant moves to dismiss the claim of fraud for failure to plead with particularity, as set forth in Rule 9 of the Federal Rules of Civil Procedure. The negligence and strict liability claims are sought to be dismissed for failure to allege the element of injury. Finally, dismissal of the claim of medical monitoring is sought on the ground that Plaintiff fails to plead the elements of such a claim.

   A.   The Fraud Claim

   1.   Rule 9(b) Pleading Requirements

A claim of fraud under New York law requires the pleading of: (1) a material false representation; (2) an intent to defraud; (3) reasonable reliance on the representation, and (4) damage to the plaintiff. Chanayil v. Gulati, 169 F.3d 168, 171 (2d Cir. 1999); Sterling Nat'l. Bank v. A-1 Hotels Internat'l., Inc., 2001 WL 282687 * 4 (S.D.N.Y. 2001); Thenjitto v. Hocky, 1999 WL 366739 *1 (E.D.N.Y. 1999). Rule 9 of the Federal Rules of Civil Procedure requires

5

that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9 ("Rule 9"). States of mind such as malice, intent or knowledge may be generally averred. Id.

Where, as here, a plaintiff alleges the making of fraudulent misstatements, Rule 9 requires that the plaintiff "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 187 (2d Cir. 2004) (citation omitted); M'Baye v. New Jersey Sports Productions, Inc., 2007 WL 431881 *6 (S.D.N.Y. 2007).

The court has reviewed the allegations of Plaintiffs' Second Amended Complaint and finds that they fail to comply with the pleading requirement of Rule 9. Essentially, Plaintiffs plead the very same allegations with respect to the claim of fraud as with respect to all other claims. While there are general allegations, based largely on information and belief, that Defendant and/or its predecessors concealed information as to the dangers to which Plaintiffs were exposed, there are no particular allegations regarding statements made, or the identity of speakers. The court holds that such allegations, particularly when set forth in Plaintiffs' third pleading attempt, are insufficient to state a claim for fraud with the particularity required by Rule 9. Accordingly, the court dismisses the fraud claim on Rule 9 grounds and, given that this is Plaintiffs' third pleading, no leave to re-plead this cause of action will be granted.

2. Negligence and Strict Liability

Defendant seeks dismissal of Plaintiffs' claims of negligence and strict liability on the ground that Plaintiffs fail to allege the essential element of injury. The parties agree that the

element of injury is essential to these claims. See Nappi v. Incorporated Village of Lynbrook, 19 A.D.3d 565, 566, 795 N.Y.S.2d 537 (2d Dep't. 2005); Frank v. DaimlerChrysler Corp., 292 A.D.2d 118, 121, 741 N.Y.S.2d 9 (2d Dep't 2002). They disagree as to whether any such injury is alleged where, as here, there is no allegation of a presently compensable injury, but only an allegation of the possibility of future injury, and a prayer for relief in the form of medical monitoring expenses. Defendant argues that the absence of injury defeats the stating of any tort claim. Plaintiffs counter that the allegation of the fear of developing cancer is sufficient to properly plead the element of injury.

Instructive on this issue is the medical monitoring case of Abbatiello v. Monsanto Company, 522 F. Supp.2d 524 (S.D.N.Y. 2007). There, the court was faced with the issue of whether the New York Court of Appeals would recognize medical monitoring as an independent cause of action, or as an element of damages in the context of an otherwise traditional tort claim. In a well-reasoned discussion distinguishing between the two concepts, Abbatiello held that if faced with the issue, the New York Court of Appeals would recognize medical monitoring as an independent cause of action. A rationale behind the holding was the fact that a plaintiff (like the Plaintiffs here) in a latent exposure case may not be able to state a traditional tort claim, "which generally requires a presently existing physical injury." Abbatiello, 522 F. Supp.2d at 536. In the absence of such an injury, no tort claim could be stated, and the Plaintiff would be without a remedy. Recognition of medical monitoring as an independent cause of action cures that situation by providing a separate cause of action to such a plaintiff.

The situation described in Abbatiello, where a plaintiff alleging no injury would be unable to state a traditional tort claim in either negligence or strict liability, is precisely the

7

situation here. Plaintiffs nowhere state the element of physical injury in support of the negligence or strict liability claims. Under this circumstance, they fail to allege an element essential to the stating of a claim for negligence and/or strict liability. Accordingly, those claims must be dismissed.

3. Medical Monitoring

Prior to discussing the sufficiency of Plaintiff's claim for medical monitoring, the court makes clear that it agrees with courts that have decided the issue, and holds that such a claim exists under New York law. E.g., Sorrentino v. ASN Roosevelt Center, LLC, 579 F. Supp.2d 387, 390 (E.D.N.Y. 2008); Abbatiello, 522 F. Supp.2d at 536. Turning to the sufficiency of the pleading, the court notes that to state a claim for medical monitoring, a plaintiff must allege exposure to the allegedly toxic material and that there is a rational basis for the fear of contracting disease. Sorrentino, 579 F. Supp.2d at 390; see Wolff v. A-One Oil, Inc., 216 A.D.2d 291, 627 N.Y.S.2d 788, 789 (2d Dep't 1995).

More specifically, the specific elements that must be proven to prevail on a claim for medical monitoring, as set forth in Abatiello are:"(1) exposure greater than normal background levels; (2) to a proven hazardous substance; (3) caused by the defendant's tortious conduct; (4) as a proximate result of the exposure, plaintiff has a significantly increased risk of contracting a serious latent disease; (5) a monitoring procedure exists that makes the early detection of the disease possible; (6) the prescribed monitoring regime is different from that normally recommended in the absence of the exposure; and (7) the prescribed monitoring regime is reasonably necessary according to contemporary scientific principles. Abbatiello, 522 F. Supp.2d at 539. Plaintiffs' complaint is sufficient to set forth a medical monitoring claim as set

8

forth above. Accordingly, the court denies the motion to dismiss this claim.

## CONCLUSION

For the foregoing reasons, the motion to dismiss on the ground of statute of limitations is denied. The motion to dismiss all claims for failure to state a claim is granted in part and denied in part. The motion to dismiss the claim of fraud is granted for failure to comply with the pleading requirements of Rule 9. The claims of negligence and strict liability are dismissed for failure to plead injury. The motion to dismiss the claim of medical monitoring is denied. The parties are directed to proceed expeditiously with discovery. The Clerk of the Court is directed to terminate the motions.

SO ORDERED.

/s/
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 12, 2009